# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-54-PLR-11 |
| | ) | |
| **TIFFANY LEA KANE** | ) | |

## MEMORANDUM AND ORDER

Before the Court is Tiffany Kane's *pro se* motion for modification of her sentence pursuant to a minor role adjustment [R. 514]. As follows, Ms. Kane's motion must be **DENIED** because the minor role adjustment does not allow for such an adjustment after sentencing has occurred.

On August 12, 2019, this Court sentenced Ms. Kane to a term of imprisonment of 78 months, followed by a 5-year supervised release term, for conspiracy to distribute and possess with the intent to distribute five grams or more but less than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(B).

Ms. Kane filed a motion requesting a modification of her sentence per Amendment 794's minor role adjustment. In that motion, Ms. Kane argues that she was only involved in the day-to-day street deals and her actions were largely limited to making the transactions and giving the cash to Joseph Robertson. She also states that she felt as though she could not leave the drug trade because she was scared that Joseph Robertson would harm her if she attempted to stop.

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010).

On November 1, 2015, the Sentencing Commission issued Amendment 794. Amendment 794 modified the commentary of U.S.S.G. § 3B1.2 and directed sentencing courts to consider the following factors in determining whether to apply a minor role reduction: (1) the degree to which the defendant understood the scope and structure of the criminal activity; (2) the degree to which the defendant participated in planning or organizing the criminal activity; (3) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (4) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (5) the degree to which the defendant stood to benefit from the criminal activity. U.S.S.G. § 3B1.2 cmt. n. 3(C).

Here, Ms. Kane's motion is unavailing. The amendment was already in effect prior to Ms. Kane's sentencing. More specifically, the Presentence Investigation Report in this case is dated July 2, 2019, almost three and a half years after Amendment 794's effective date of November 1, 2015. If Ms. Kane believed she was entitled to a minor role reduction pursuant to Amendment 794, she should have raised the issue before sentencing. *See United States v. Barnes*, No. 15-20158, 2018 WL 6809614, at *5 (E.D. Mich. Dec. 27, 2018); *United States v. Jenkins*, No. CR 12-13-GFVT-CJS, 2017 WL 3431916, at *7 (E.D.

Ky. July 5, 2017), *report and recommendation adopted*, No. 612CR00013GFVTCJS1, 2017 WL 3431834 (E.D. Ky. Aug. 8, 2017). There is no indication that Ms. Kane ever sought a minor role reduction, and the Court did not apply a minor role reduction at sentencing. That determination cannot be revisited through a motion pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, Ms. Kane's motion for a sentence reduction [R. 514] is **DENIED.**

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**